IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 14-1383-RGA |
| | : | |
| IMPAX LABORATORIES INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 14-1384-RGA |
| | : | |
| IMPAX LABORATORIES INC., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 14-1389-RGA |
| | : | |
| TEVA PHARMACEUTICALS USA INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

These three cases are all related ANDA cases, and are a part of a larger group of related cases.

In Nos. 14-1383 & 14-1384, there are pending motions to stay. (No. 14-1383, D.I. 63; No. 14-1384, D.I. 64). I had oral argument on these motions on December 3, 2015. The parties have since made efforts to resolve the motions, and it appears that those efforts continue. (*E.g.*, No. 14-1383, D.I. 104 & 107). Another issue has arisen, however, which impacts the parties' discussions about a stay. That issue is related to a similar issue in the No. 14-1389 case.

An invalidity trial is scheduled in No. 14-1389 for July 11, 2016, or three months from now, on one patent. In that case, Defendant Teva also asserts a licensing defense. I have received letters discussing the scheduling of the licensing defense. On March 9, the parties suggested I might take evidence on Teva's "implied license defense" as a part of the trial. (No. 14-1389, D.I. 126). I responded suggesting the parties could have seven hours to present testimony on that issue. (D.I. 127). Teva submitted a letter requesting leave to file an "uncomplicated" summary judgment motion on that defense. (D.I. 128). Plaintiffs objected. (D.I. 130). Teva responded. (D.I. 131).

I originally split the related cases into various different parts based on various competing interests. There is some suggestion that Teva would now be happy to join the second group of defendants, whose trial is scheduled for February 2017. (D.I. 131). I am not inclined to do this. Teva wanted an expedited trial, and I do not think there is any good reason to change the trial date, particularly since I am going to use the original trial date anyway for Defendant Amneal on the same issues. As for the early summary judgment procedure, although Plaintiffs assert that "there are, at the very least, significant disputed issues of material fact," (D.I. 130 at 2), it is not clear to me what the disputed material facts are supposed to be. It seems like the dispute is mostly about the legal significance of the undisputed facts. Thus, I am doubtful that much live testimony on the implied license defense will be needed. (I further encourage the parties to

stipulate to the various undisputed facts.). Given the schedule, however, the parties need to get ready for trial, and they should get ready for trial, as there is no guarantee that I would even decide a summary judgment motion were it filed now. (And, while not dispositive, Teva gave up any summary judgment practice at the Rule 16 conference as part of its request for an expedited trial.). Thus, I believe that, rather than having briefing before and after the trial, it would be better to just have briefing after the trial. Teva's request for leave to file an early summary judgment motion is **DENIED**.

Returning to the 14-1383 & 14-1384 cases, I am going to deny the request for early summary judgment (No. 14-1383, D.I. 102) as it is contingent upon Teva's request. I note that the Teva trial and any related post-trial briefing may provide an opportunity for Defendants in the 14-1383 & 14-1384 cases to renew there request (assuming their cases have not then been stayed).

Returning to where I began, I will continue to keep the motions to stay in Nos. 14-1383 & 14-1384 under advisement, but will promptly decide them if the parties report that they have exhausted their efforts to resolve the issue.

IT IS SO ORDERED this 12 day of April 2016.

Richard G. Andrews
United States District Judge